# United States District Court
# Eastern District of New York

X----------------------------------------------------------X   Case No.

GEM FINANCIAL SERVICE, INC. d/b/a
GEM PAWNBROKERS and MITCHELL
KAMINSKY (as majority shareholder of GEM
FINANCIAL SERVICE, INC.)

Plaintiffs,

   -against-

CITY OF NEW YORK,  NEW YORK CITY
POLICE DEPARTMENT  and POLICE
OFFICERS JOHN DOE #1-10

Defendant's.

X----------------------------------------------------------X

**<u>VERIFIED COMPLAINT</u>**

Plaintiff GEM FINANCIAL SERVICE, INC. d/b/a GEM PAWNBROKERS and

MITCHELL KAMINSKY (as majority shareholder of GEM FINANCIAL SERVICE, INC.),

by and through their attorney, PAUL J. SOLDA, ESQ., an attorney duly admitted to practice

in the State of New York and before the E.D.N.Y. - alleges as follows:

1.  This is an action by United States citizens and a domestic business corporation -

brought to remedy deprivation of their civil rights and equal protection  by person(s) acting under

color of state law in violation of 42 U.S.C. Section 1983 et. seq. - seeking compensatory and punitive

damages, and other appropriate legal and equitable relief, including injunctive relief and declaratory

relief.

<u>JURISDICTION</u>

2.  Jurisdiction of the Court is proper pursuant to 28 U.S.C. §§1331, 1343 and 42 U.S.C.

§1983 et. seq.  In accordance with 28 USC §1367,  supplemental and pendent jurisdiction also exist

as there are related and  intertwined state claims at  issue which form a part of the same controversy.

3.  The action arises with questions under the Constitution of the United States, and challenge pursuant to 42 U.S.C. §1983. Jurisdiction is accordingly founded on the existence of a federal question.

4.  As the unlawful practices complained of herein occurred within the jurisdictional boundaries of Eastern District of New York, venue is accordingly proper.

5.  Pursuant to N.Y.S. General Muncipal Law §50(e), a Notice of Claim was served upon the appropriate bodies for the City of New York on January 9, 2013 and a Supplemental Notice of Claim was served on February 8, 2013.

<u>PARTIES</u>

6  GEM FINANCIAL SERVICE, INC. d/b/a GEM PAWNBROKERS ("GEM") , is a New York corporation with principal offices located at 378 Schermerhorn Street, Brooklyn, New York

7.  Plaintiff MITCHELL KAMINSKY ("KAMINSKY") is the majority shareholder of GEM and resides at 378 Schermerhorn Street, Brooklyn, New York.

8.  Upon information and belief, and at all times hereinafter mentioned, Defendant CITY OF NEW YORK ("NYC") was and still is a government and municipal entity existing within the boundaries of the five boroughs of the City of New York, State of New York.

9.  Upon information and belief, and at all times hereinafter mentioned, Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a law enforcement entity promulgated and existing pursuant to New York City Charter - having its principal place of business in the City of New York, State of New York.

10.  Upon information and belief, and at all times hereinafter mentioned, Defendant POLICE OFFICERS JOHN DOE #1-10 are unknown employees of the Defendant NYPD - who interacted

2

with GEM in connection with the allegations herein.

## FACTS OF THE CASE

11. GEM is a licensed collateral loan broker (pawnbroker) and second hand dealer, and is duly licensed by the N.Y.C. Department of Consumer Affairs.

12. GEM has operated in NYC since 1947 and currently maintains over 20 separate retail store locations within the jurisdictional boundaries of the City of New York. At present, GEM is arguably the largest collateral loan broker business in New York.

13. Beginning in Summer 2011, the NYPD began a widespread practice wherein their local precincts and police officers began making unconventional visits to plaintiffs regional stores - undertaking actions which included making obtrusive demands and threats in connection with attempts to force GEM to utilize a certain reporting medium known as "Leads Online".

14. Leads Online is a disputed reporting system utilized by some collateral loan brokers and secondhand dealers wherein each and every transaction undertaken by a particular business is automatically posted on a national website database - which can then be viewed by all law enforcement - even law enforcement outside the jurisdictional boundaries where a particular pawnbroker may be located.

15. There is no statute requiring the use of Leads Online by any pawn broker or secondhand dealer in the State of New York.

16. It is noteworthy to acknowledge that New York City-based pawn brokers and secondhand dealers operate under rules and guidelines emanating from both state and local city law. In particular, these businesses must maintain detailed records of their transactions keeping and make same available for inspection (by law enforcement) in accordance with the following statutes:

**NYS General Business Law, Art. 5, § 45.** **Book to be open to inspection.**
The said book and any and all other books and records regularly kept by such collateral loan broker shall at all reasonable times be open to the inspection of the attorney general, comptroller, the mayor or local authority all judges of the criminal courts, the superintendent of police, police inspectors....

**New York City Charter, Chp 18 § 436.** **Powers over certain trades.** The commissioner shall possess powers of general supervision and inspection over all licensed or unlicensed pawnbrokers... dealers in second-hand merchandise and auctioneers within the city; and in connection with the performance of any police duties he shall have power to examine such persons, their clerks and employees and their books, business premises, and any articles of merchandise in their possession. A refusal or neglect to comply in any respect with the provisions of this section... shall be triable by a judge of the criminal court and punishable by not more than thirty days' imprisonment...

**New York City Administrative Code §20-277** **Reports.** The police commissioner, at such times as he or she may prescribe in a written notice served upon any pawnbroker by a member of the police department, may require such pawnbroker to report to such commissioner, upon blank forms to be furnished by the police department, a description of all goods, articles or things, or any part thereof, pawned or pledged in the course of business....If such notice from the police commissioner so prescribes, such pawnbroker...shall keep and furnish on such forms, a general description as to sex, color and apparent age of every person depositing such pledges.

**New York City Administrative Code §20-273** **Record of purchase and sales.**
Every dealer in second-hand articles shall keep a book in which shall be legibly written in English, at the time of every purchase and at the time of every sale, a description of every article so purchased or sold....

d. Such book, at all reasonable times, shall be open to the inspection of any police officer, to the commissioner or departmental inspector, or any judge of the criminal court, or any person duly authorized in writing for such purposes by the commissioner or by any judge of the criminal court, who shall exhibit such written authority to the dealer

17.   The foregoing rules, however, do not permit law enforcement to circumvent their inspection rights by undertaking warrant-less searches and seizures of a pawnbroker or secondhand dealers jewelry - without a court order or using same to justify visits for coercive purposes.

18.   To the contrary, law enforcement are only permitted to undertake administrative inspections (of such a businesses books and records) that are a part of a defined systematic regulatory scheme and that right was specifically defined in a certain New York Court of Appeals ruling entitled People vs. Scott/People vs. Keta, Et. Al. (79 NY2d 474, 1992).

4

19.  Similarly, the foregoing rules do not permit law enforcement to compel pawnbrokers or secondhand dealers to utilize any internet technologies which would publish such transactional records and which would otherwise circumvent the existing record keeping system and the businesses obligation to permit inspection of its records at its premises.

20.  Notably, law-enforcement from outside the jurisdictional boundaries of New York City cannot inspect the books and records of New York City based pawnbrokers.

21.  That there are no statutes, either of state or local origin, which require such businesses to utilize any form of media or internet technology - which otherwise might lead to disclosure of such transactional records and permit such records to be circulated off the pawnbrokers business residence.

22.  Notably, there are prominent federal laws which require financial institutions, which include pawnbrokers, to protect and keep confidential the records of their customers.

23.  Notwithstanding, upon information and belief, NYC has promoted policies in association with the NYPD - whereby they have adopted a practice in which such  businesses not utilizing Leads Online - are singled out and treated as suspect and with prejudice.

24.  That such businesses including the Plaintiff - not utilizing Leads Online have been effectively prejudiced and discriminated by the NYPD and have been, as a consequence, subjected to constant threats, intimidation and disruptive actions - that clearly will only end when and if they cede to the demands of the NYPD and "become compliant".

25.  That on or about  March 14, 2012, NYPD officers entered the GEM regional store located at 216 – 15  Jamaica Ave., Queens Village, NY (the "Queens Village" store) and questioned them why they were not using Leads Online.

26.  That on that date, the NYPD did not perform an administrative inspection of the books and records.

5

27.  That in accordance with the foregoing allegations, the NYPD urged GEM to reconsider utilizing Leads Online or face the prospects of having constant visits by them which would result in disrupting the business and might end with issuance of criminal violations and even arrests.

28.  That the NYPD made clear that if GEM ceded to their demand and registered with Leads Online - they would then deem them "compliant" and these disruptive visits would come to an end.

29.  That on or about April 4, 2012 the NYPD entered another GEM store located at at 1724 Pitkin Ave., Brooklyn, New York (the "Pitkin" store).

30.  At Pitkin, the NYPD had actually began harassing and intimidating the GEM personnel, sometimes daily, beginning back in March, 2011.

31.  There, the NYPD made it clear that since GEM wasn't registering with Leads Online - they would be subject to constant visits - having no routine or custom and obviously just designed to disrupt the business.

32.  That on a number of other occasions, between the Fall of 2011 through 2012 - the NYPD consistently sought to bully GEM in part by maintaining  a constant presence at GEM's various stores and  "investigating" random transactions - despite not performing any regimented inspection of the books and records (as defined by law).

33.  That on many of these occasions the NYPD demanded to confiscate collateral jewelry, despite having no warrant or legal right otherwise - all while being made under the specter of  further disruptive visits and even criminal claims - if GEM did not comply.

34.  That on many of these occasions the NYPD, at a minimum, demanded that GEM place criminal holds on certain collateral jewelry - thereby preventing GEM from utilizing same

during the ordinary course of their business.

35. That in every instance, there was no legal basis or justification based on even arguable probable cause - to demand that GEM place such inventory under "criminal holds".

36. That the NYPD reminded GEM, on many of these visits, that if they were to simply register with Leads Online - they would cool their heavy-handed activities.

37. Back on March 11, 2011 NYPD officers entered the Pitkin Gem Pawnbrokers at 1724 Pitkin Ave., Brooklyn, New York.

38. They had no warrant to search or make arrests.

39. After engaging in the aforementioned coercive style, the NYPD issued four separate misdemeanor criminal charges upon the Pitkin manager - Mr. Keith Watts; alleging various violations pursuant to New York State General Business Law and New York City Administrative Code (see Exhibit "A").

40. After numerous court appearances and argument on the merits - the criminal court dismissed, on January, 11, 2012 said misdemeanor complaints.

41. That on or about May 2, 2012 GEM's Vice President, Harold Dambrot, had noteworthy conversation with an NYPD officer wherein they said they would continue their visits (if GEM didn't sign up with Leads Online) and that it would have the effect of frightening GEM's customers by giving an impression that GEM might be running a criminal enterprise.

42. During that conversation, the NYPD said that it needed GEM to utilize Leads Online - in order to make identification of all their customers and all transactions readily available to the NYPD - at their local precincts. They claimed Leads Online "would relieve them of the old practice of having to visit the pawn shop every couple of weeks to inspect their books and records".

43.   That the NYPD said further that if they (GEM) did not agree, more visits would follow - leading to further disruption, arrests and even finding cause to close down stores.

44.   Dambrot said GEM was fully compliant with law and had many safeguards in place to screen illicit activity by customers and accordingly would not be forced into utilizing Leads Online.

45.   Notwithstanding, GEM did not register with Leads Online - despite all the foregoing coercive demands.

46.   That on May 21, 2012 at GEM's Queens Village store - NYPD officers again entered the business premises and began questioning them concerning various transactions that they claimed were stolen.

47.   They had no warrant to search the premises nor make any arrests.

48.   When confronted by management as to what their true intent was, the NYPD declared  that they were performing an "administrative inspection".

49. Despite their claim, the NYPD did not perform a regulatory review of GEM's books and records to seek to confirm transactional regularities.

50.   GEM was again confronted with the issue concerning use of Leads Online and was bullied with threats of continued business disruption and issuance of criminal violations - if they failed to cede to such demands.

51.   The NYPD then commented that GEM should have signed up with Leads Online.

52.   Again, the NYPD stated that GEM was required to utilize Leads Online  - in order to make identification of their customers easily available at the NYPD precincts and that "everyone else was compliant and using this system".

8

53. On that day (May 21, 2012), the attending NYPD officers had another discussion with GEM's V.P., Harold Dambrot.

54. After being threatened with arrest himself, Dambrot advised that Leads Online is a system which by its design causes violations to the privacy rights of GEM"s customers in part because their industry is required to protect and keep confidential same - as mandated through federal law including; The Bank Secrecy Act, Truth in Lending Act (Reg. Z), Gram Leach Bliley, Financial Services Modernization Act 1999 and Fair Credit Reporting Act.

55. Dambrot further claimed that New York State General Business Law and New York City rules only require that they maintain records which are booked and that they be made available for inspection at the premises only - and that their records cannot be taken off premises.

56. When said telephone conversation ended, the NYPD officers turned to GEM's Queens Village manager, John Somer, and threatened him they would make arrests and try and close the business if they did not "become compliant".

57. That when asked, the NYPD did not give reasons why they would make any arrests or take other actions as they threatened.

58. No arrests were made that day but the NYPD did issue a criminal misdemeanor summons for an alleged violation of NYC Administrative Code 20-273 (see Exhibit "B").

59. That the GEM representatives argued that there was no merit whatsoever to said misdemeanor summons.

60. That in response, the NYPD stated that their activities would continue unless GEM "...got in line with everyone else and signed up to use Leads Online".

61. That on August 29, 2012, after presentation of evidence and argument on the

merits, the within charges were fully dismissed (see true copy of disposition certificate annexed as Exhibit "C").

62.  That on June 13, 2012  at GEM's Queens Village store - NYPD officers again entered the business premises and again questioned them about various transactions that they claimed were stolen.

63.  They again had no warrant to search the premises nor make any arrests.

64.  GEM was again confronted with the issue concerning use of Leads Online and was similarly threatened with further business disruption and arrest - if they failed to heed such demands.

65.  After considerable argument between the parties, the NYPD issued another criminal summons per NYC Administrative Code 20-273  (see Exhibit "D").

66.  That the GEM representatives again argued that there was no merit whatsoever to said summons.

67.  That on November 29, 2012, after presentation of evidence and argument on the merits, the within charges were fully dismissed (see true copy of disposition certificate annexed as Exhibit "E").

68.  That on September 19, 2012 the NYPD issued another misdemeanor violation to Queens Village after questioning them about various transactions and again the issue of Leads Online.

69.  Once again, they had no warrant to search the premises nor make any arrests.

70.  Without more and without justification, the NYPD issued a criminal misdemeanor pursuant to NYCRR 2-101(a)  (see Exhibit "F").

10

71. That the GEM representatives again argued that there was no merit whatsoever to said summons.

72. That in response, the NYPD issuing officer stated "tell your story to the judge".

73. That on December 21, 2012, after presentation of evidence and argument on the merits the within charges were fully dismissed (see true copy of disposition certificate annexed as Exhibit "G").

## AS AND FOR A FIRST CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS

74. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs numbered "1" through "73" inclusive, with the same force and effect as if more fully set forth at length herein and state that Defendants continuously threatened and sought to coerce Plaintiff into utilizing Leads Online - despite their existing no statutory mandate otherwise.

75. That Defendants made threats of arrest and other deprivations of liberty if Plaintiff would not comply to utilize Leads Online.

76. That defendants actions were clearly disruptive to Plaintiff's business operation and were not arguably calculated to fit within the confines of an "administrative records inspection".

77. That Defendants actions culminated by the aforementioned issuance of merit-less criminal summonses in concert with their unlawful agenda - and such summonses had no probable cause whatsoever.

78. Demanding that Plaintiff utilize said Leads Online in exchange for discontinuing Defendants disruptive and illegal actions is unjust and unconstitutional.

79. That during the course of each and every aforementioned encounter, GEM advised that their rights were being violated - claiming that their business was otherwise in full compliance with all applicable state and city regulations.

11

80.  That the encounters were not justified administrative inspections, but rather unlawful confrontations by law enforcement - having no arguable probable cause and having no intended effect other than to disrupt the business of GEM.

81.  That the actions of the Defendants acting under color of state law, constitute an unconstitutional deprivation of plaintiff's rights.

82.  That  the Defendants, by their actions, have violated the civil rights and denied constitutional liberties to the officers and shareholders of GEM, their employees as well as the business itself.

83.  As GEM's majority shareholder, KAMINSKY is likewise entitled to statutory and constitutional protection from violations to the GEM business by the unlawful actions and from the deprivation of liberties by the defendants hereto

84. Accordingly,  NYC and the NYPD  have maintained and have carried out policies, customs and practices which are unconstitutional.

85.  That Defendants conduct has caused financial harm to Plaintiff and is likely to continue to cause financial harm to the Plaintiffs.

86.  Plaintiffs have, as a consequence, been deprived of their civil rights by the Defendants acting under color of state law in violation of 42 USC § 1983.

87.  Plaintiffs have accordingly been damaged in the minimal sum of $50,000,000.00 and punitive damages in the minimal sum of $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR VIOLATION OF RIGHTS TO EQUAL PROTECTION

88.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "87" inclusive, with the same force and effect as if more fully set forth at

length herein and states that  the NYPD has consciously engaged in a pattern and practice with the Plaintiff in an attempt to coerce them into utilizing said Leads Online.

89.   That NYC, together with the NYPD - in concert with their local precincts - have encouraged and permitted such unconstitutional policies and customs to be carried out and have thereby demonstrated a deliberate indifference to those constitutional values  belonging to GEM.

90.  That defendants have effectively singled out pawnbrokers and secondhand dealers from other similarly situated businesses such as jewelry stores, consignment shops banks and other retail businesses.

91.   That by Defendants actions, GEM was singled out effectively as a "class of one".

92.   That Defendants have intentionally engaged and continue to undertake a pattern and practice of depriving the plaintiffs of their rights to equal protection and due process .

93.   That such actions were taken in direct contravention of the United States Constitution and its rule of law concerning *equal protection* due all citizens of the United States.

94.   Accordingly, compensatory damages should issue in the minimal sum of $50,000,000.00 and punitive damages in the minimal sum of $1,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR VIOLATION  OF NEW YORK CIVIL RIGHTS LAW

95.   Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "94" inclusive, with the same force and effect as if more fully set forth at length herein and states that Plaintiff has been deprived of their civil rights, guaranteed under the New York State Constitution, Article 1, §§11, 12 and more specifically enumerated under Article 1 and Article 3 of the Civil Rights Law of N.Y.S..

96.   Defendants acted under color of law and pursuant to state action - have carried out such policies, customs and practices which are clearly unconstitutional and in violation of

Plaintiffs civil rights.

97.   Defendant, NYC in accordance with New York City Charter - is responsible for the actions of its law-enforcement agencies.

98.   Defendants NYC and the NYPD - acting in concert with their local precincts - have encouraged and permitted such unconstitutional policies and customs to be carried out and have thereby demonstrated a deliberate indifference to those constitutional values and civil rights.

99.   These actions compelled GEM to surrender and suffer violations to their civil rights in accordance with the allegations herein solely at the hand of the obtrusive actions by the NYPD - highlighted with the obligation to appear and to defend frivolous criminal actions.

100. The Defendants intentional conduct has caused financial harm to Plaintiff and is likely to continue to cause financial harm to the Plaintiff.

101. That as a consequence, Plaintiffs have had its civil rights violated and accordingly Plaintiff has been damaged in a minimal sum of $10,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
(malicious prosecution)

102.   Plaintiff repeat and reiterate each and every allegation contained in paragraphs numbered "1" through "101" inclusive, with the same force and effect as if more fully set forth at length herein and states that Defendants played an active role in commencing and staging the aforementioned criminal prosecutions against the Plaintiffs, in part, by issuing such criminal summonses.

103.   That the March 11, 2011 Pitkin criminal violations per NYS General Business Law and NYC Administrative Code were after argument, fully dismissed on January 11, 2012

(see Exhibit "A").

104.   That the May 21, 2012  Queens Village criminal violation of NYC

Administrative Code 20-273  (see Exhibit "B") was after argument, fully dismissed on August

29, 2012. (see Exhibit "C").

105.   That the June 13, 2012  Queens Village criminal violation of  NYC

Administrative Code 20-273 (see Exhibit "D") was, after argument, fully dismissed on

November 29, 2012 (see Exhibit "E").

106.   That the September 19, 2012 Queens Village criminal violation of   NYCRR 2-

101(a)  (see Exhibit "F") was, after argument,  fully dismissed on December 21, 2012 (see

Exhibit "G").

107.   That with complete disregard of the law and evidence before them, the NYPD,

notwithstanding, issued/served such criminal summonses mandating GEM's appearance before

the criminal courts.

108.   That the Defendants actions were malicious, in part, by issuing such criminal

citations despite same having no merit.

109.   That said summons were issued without having any probable cause or even

arguable probable cause at the times of issue.

110.   That all said criminal defense undertakings, their intervention and the hiring of

legal defense counsel - was unjustifiably forced upon GEM  and done so under a contrived

scheme by the NYPD which clearly was designed to harass, intimidate and punish GEM in part

for their rightful refusal to utilize Leads Online.

111.   That the prosecution for said criminal actions were commenced with malice and

without probable cause to believe that they could truly succeed.

112.   That the prosecution did not, in fact, succeed and said prosecution ended in

dismissal of all charges.

113.  That the primary purpose of the arrests were other than that of bringing Plaintiff to justice and that by such frivolous prosecutions, damage was proximately caused to GEM and their reputation suffered as a consequence.

114.  Such actions were reckless and demonstrated a callous indifference to state and federally protected rights of others.

115.  That the various criminal summonses and subsequent prosecution thereon were vexatious in accordance with New York State Civil Rights Law and related federal law.

116.  Accordingly, damages should issue in the minimal sum of $10,000,000.00.

### AS AND FOR A FIFTH CAUSE OF ACTION
(tortious interference with business)

117.  Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "116" as if more fully set forth below and further alleges that the encounters were never justified especially as an administrative inspection -  but were solely designed to harass and intimidate the plaintiffs.

118.  That GEM operates a legitimate business to which they have legal rights to and inherent therewith - an expectation to have their constitutional rights protected.

119.  That by Defendants actions, there was an intentional and unjustified interference with that business particularly by constant police presence and acts of threats and coercion.

120.  That the Defendants threatened if GEM did not comply they would seek to continue to disrupt them, make arrests and try and shut the business down.

121.  That as a consequence of the continual police presence and unjustified actions, the business operations of GEM were, in fact, disrupted.

122.  That Defendants conduct was malicious, reckless and without just cause.

123.  That  there was damage suffered by the Plaintiff as a result of the actions of the Defendants and their interference with said business.

124.  That as a consequence, Plaintiff has been damaged, and continues to be damaged, in a sum not presently calculable, but in the minimum of $10,000,000.00.

## AS AND FOR A SIXTH  CAUSE OF ACTION FOR  DECLARATORY JUDGMENT

125.  Plaintiffs repeat and reiterate each and every allegation contained in paragraphs numbered "1" through "124" inclusive, with the same force and effect as if more fully set forth at length herein and states that the NYPD have undertaken a widespread systematic policy upon GEM and other similarly situated pawnbrokers throughout New York City - by carrying out practices in which they are threatening such businesses that they must utilize Leads Online - or face harassment and other illicit actions - including issuance of frivolous criminal violations.

126.  That use of Leads Online results in circulation of a pawnbrokers business records - off their premises and throughout the Internet - with destinations to all police precincts throughout the United States and to further unknown recipients.

127.  Based upon conversations with various NYPD personnel, Defendants utilize said Leads Online in order to easily review all customers who transact business with a pawnbroker/second hand dealer.  Thereafter, they undertake criminal and racial profiling.

128.  Furthermore, Defendants are utilizing Leads Online to profile known recidivists and parolees with an agenda to track these suspected individuals - without any legal justification.

129.  With their agenda seeking to force use of Leads Online, - Defendants would effectively be able to access all confidential and proprietary trade information - solely with a view to investigating criminal leads and, as a consequence - that Plaintiffs' customers would suffer violations of their rights to privacy (amongst other matters) - for which Plaintiff is

responsible to safeguard.

130. The actions of the Defendants acting under color of state law constitute an unconstitutional deprivation of Plaintiff's rights.

131. Plaintiff is accordingly entitled for a declaratory order pursuant to 28 U.S.C. §2201 by reason that its rights, as well as rights of other similar tradesmen, should no longer be sacrificed by the indiscretions of such governmental agencies/officers acting under color of law.

132. Furthermore, Plaintiffs rights guaranteed under the U.S. Constitution and 42 USC §1983 together with Art. 1, §12 of the New York State Constitution, are violated when a statute - such as New York City Administrative Code, Chapter 18, §436 is utilized under the false claims that law enforcement is otherwise performing and "administrative records inspection".

133. It is accordingly submitted that a *declaratory order* be issued:

(a) Declaring that use of Leads Online along with the attendant consequences of circulation of its database - is inherently in violation of federally protected rights of all citizens who have an expectation to privacy;

(b) Declaring that the Defendants can no longer undertake such actions, to wit: coercing Plaintiffs or similarly situated tradesmen into utilizing Leads Online.

(c) Declaring that "administrative inspections" be limited to records review in premises and carried out on a systematic and regulated basis in which all pawnbrokers and secondhand dealers are reviewed orderly by law enforcement;

(d) Declaring that New York City Administrative Code, Chapter 18, §436 be deemed unconstitutional and that the New York Court of Appeals decision of People vs. Keta - be upheld wherein said statute is deemed violative of the rights and liberties of pawn brokers and secondhand dealers operating in the State of New York.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR AN INJUNCTION

134.  Plaintiffs repeat and reiterate each and every allegation contained in paragraphs numbered "1" through "133" inclusive, with the same force and effect as if more fully set forth at length herein and states that if Defendants are allowed to continue their unlawful practice and to continue to threaten, harass, and issue criminal violations having no merit and otherwise interfere with Plaintiff's business operations  -  permanent irreparable harm will occur.

135.  Plaintiff  has no adequate remedy at law which will might duly compensate Plaintiff for the above-mentioned conduct by Defendant.

136.  he relief sought will not impair Defendant's ability to conduct its law enforcement abilities and equity favors the Plaintiff in this case.

137.  Accordingly, based on the aforementioned averments herein, Plaintiff's right to the relief sought is clearly appropriate and Plaintiff will likely succeed on the merits of this case.

138.  As a consequence, Defendants should be permanently enjoined from engaging in such actions as described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR ATTORNEYS FEES

139. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs numbered "1" through "138" inclusive, with the same force and effect as if more fully set forth at length herein and states that 42 U.S.C. §1983 is a specified civil rights statute of the United States.

140.  The Civil Rights Attorney's Fees Awards Act of 1976 provides that prevailing parties in actions brought pursuant to civil rights statutes shall be entitled to a full award of attorneys fees as part of the costs of litigation.

141.  That the Plaintiffs have already expended divers sums for legal expense in being compelled to defend said frivolous criminal actions as well as for the anticipated costs

19

associated  with bringing the within federal action.

142.  Accordingly, Plaintiff has subjected itself to such expenses for legal representation as a consequence of defendants' violations hereto and demands remuneration.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants' as follows:

1.  Per First Cause of Action; a finding that Plaintiffs have been deprived of their civil rights by the defendants acting under color of state law in violation of 42 USC § 1983 and awarding compensatory damages in  the minimal sum of $50,000,000.00 and punitive damages in the minimal sum of $1,000,000.00, plus costs of the action.

2.  Per Second Cause of Action;  and awarding compensatory damages in  the minimal sum of $50,000,000.00 and punitive damages in the minimal sum of $1,000,000.00, plus costs of the action.

3.  Per Third Cause of Action and awarding compensatory damages in  the minimal sum of $10,000,000.00 and punitive damages in the minimal sum of $1,000,000.00, plus costs of the action.

4.  Per Fourth Cause of Action and awarding compensatory damages in  the minimal sum of $10,000,000.00 and punitive damages in the minimal sum of $1,000,000.00, plus costs of the action.

5.  Per Fifth Cause of Action and awarding compensatory damages in  the minimal sum of $10,000,000.00 and punitive damages in the minimal sum of $1,000,000.00, plus costs of the action.

6.  Per Sixth Cause of Action; a *declaratory judgment*.

7.  Per Seventh Cause of Action; an award for a *preliminary and permanent injunction*.

8.  Per Eighth Cause of Action; an award directing payment of Plaintiffs' *legal fees*.

JURY DEMAND

Plaintiff demands a trial by jury.

Dated:   New York, New York
         March 5, 2013

PAUL J. SOLDA, ESQ.
(Attorney for Plaintiffs )
The Empire State Building
350 Fifth Avenue, Suite 4400
New York, New York 10118
212.967.3393

Copies to:
City of New York Corporation Counsel
Michael Cordoza, Esq., c/o M. Gertzer, Esq.
100 Church Street
New York, N.Y. 10007

NYC Office of the Comptroller
Bureau of Law & Adjustment
1 Centre Street
New York, NY 10007-2341

<u>VERIFICATION</u>

Paul J. Solda, being duly admitted to practice in the Courts of the State of New York say that I am the attorney of record to the within party and that I am fully familiar with the facts and circumstances hereto. I have read the foregoing Complaint and have fully discussed same with the plaintiffs and accordingly know the contents to be true to my knowledge, except those matters stated upon information and belief and those relied upon by documents and memoranda within this file.

I make this Affirmation (Verification) instead of the Plaintiff because the resides in a different county from where your deponent maintains his practice of law.

I affirm the foregoing to be true subject to the penalties for perjury.

Dated: March 6, 2013

Paul J. Solda, Esq.

22

433099630-3

The People of The State of New York VS.

SuspRev Check ☐ Yes ☐ No ☐
Motorist Exhibited License ☐ Yes ☐ No ☐   M.I.

| Last Name | First Name | | Apt. No. |
|---|---|---|---|
| Watts | Keith | | |

Street Address

| City | State | Zip Code | Sex |
|---|---|---|---|
| 117-18 195 St | NY | | 14 |

Date of Birth   MO ___ DAY ___ YR ___   ☐ Operator Owns Vehicle ☐ Yes ☐ No

| ID Number | Lic. Class or ID Type | Date Expires MO ___ DAY ___ YR | Reg. Expires MO ___ DAY ___ YR |
|---|---|---|---|
| 821 038 794 | NE | | |

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE

| Plate No. | | State |
|---|---|---|

Veh. Yr. | Veh. Make | Veh. Color | Alternate Plate

VIN No.

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| AM ☐ Time | PM ☒ Date of Offense | County | Precinct |
|---|---|---|---|
| 1:35 | 3-11-11 | K | |

Place of Occurrence

IN VIOLATION OF   In 1724 Pitkin A

Sec ___ Sub ___   5-43

Description of Criminal Court Offense (including Traffic Misdemeanor)

Improper/Incomplete

SPEEDING ___ MPH   In MPH Zone ___   DISOBEY TRAFF CONT DEV ☐ Sign ☐ Signal   UNSAFE VEH ☐ Pave Marks   UNREG. VEH.   UNLIC. VEH.   COM. VEH.   BUS   UNLIC. OPER.   HAZ. MAT.   Summons Part County

The person described above is summoned to appear at CRIMINAL COURT

Located at   346 Broadway   in   N.Y.

Date of Appearance   24   day of   May   year

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant

Complainant's Full Name (Print)

Agency/NCIC ___ Shield ___ Tax Registry No.   Command Code   073

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

CRIMINAL COURT

---

433099632-7

The People of The State of New York VS.

SuspRev Check ☐ Yes ☐ No
Motorist Exhibited License ☐ Yes ☐ No   M.I.

| Last Name | First Name | | Apt. No. |
|---|---|---|---|
| Watts | Keith H. | | |

Street Address

| City | State | Zip Code | Sex |
|---|---|---|---|
| 117-18 195 St | NY | 11412 | M |

Date of Birth   MO ___ DAY ___ YR /2   ☐ Operator Owns Vehicle ☐ Yes ☐ No

| ID Number | Lic. Class or ID Type | Date Expires MO 3 DAY ___ YR | Reg. Expires |
|---|---|---|---|
| 921 038 794 | E | | |

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE

| Plate No. | | State |
|---|---|---|

Veh. Yr. | Veh. Make | Veh. Color | Alternate Plate

VIN No.

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| AM ☐ Time | PM ☒ Date of Offense | County | Precinct |
|---|---|---|---|
| 1:35 | 3-11-11 | K | 073 |

Place of Occurrence

IN VIOLATION OF   In 1724 Pitkin Ave

Sec ___ Sub ___   5-75

Description of Criminal Court Offense (including Traffic Misdemeanor)

Failing provide record keep (up to keys)

SPEEDING ___ MPH   In MPH Zone ___   DISOBEY TRAFF CONT DEV ☐ Sign ☐ Signal   UNSAFE ☐ Pave Marks   UNREG. VEH.   UNLIC. VEH.   COM. VEH.   BUS   UNLIC. OPER.   HAZ. MAT.   Summons Part County

The person described above is summoned to appear at CRIMINAL COURT

Located at   346 Broadway   in   N.Y.

Date of Appearance   24   day of   May   year

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant

Complainant's Full Name (Print)

Agency/NCIC ___ Shield ___ Tax Registry No. 255   Command Code   073

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

CRIMINAL COURT

"A"

**43309631-5**

The People of The State of New York VS.

Susp/Rev Check ☐ Yes ☐ No
Motorist Exhibited License ☐ Yes ☐ No   M.I.

Last Name: Watts   First Name: Keith

Street Address: 14-16 165th St   Apt. No.

City: Albn   State: NY   Zip Code   Sex

ID Number: 31036 7301   Lic. State   Lic. Class or ID Type   Date of Birth: MO DAY YR   Operator Owns Vehicle ☐ Yes ☐ No

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE

Plate No.   NY CT PA NJ Other   Date Expires   Reg. Expires   MO DAY YR   State

FORD HONDA OLDS BUICK TOYT NISS Other   Alternate Plate

PAS CMRT OML CAB SEMI SUBN VAN TRUCK MCY Other   Veh. Yr.   Veh. Color

VIN No.

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS:

AM ☐ Time   PM Day of Offense   Complty   Precinct

Place of Occurrence: 1724 Pkwy

IN VIOLATION OF: 15-2240

Sec.   Sub   VTL Traff Admin Penal Other
Rules Code Law

Description of Criminal Court Offense (including Traffic Misdemeanor)

SPEEDING   MPH in MPH Zone   DISOBEY TRAFF CONT DEV ☐ Sign ☐ Signal Marks   Unrespec. Veh.   Unlic. Veh.   Com. Veh.   Bus   Unmisr. Veh.   Unlic. Oper.   Hazr. Mat.

The person described above is summoned to appear at CRIMINAL COURT   Summons Part County

Located at: 330 BroadWay   1st flr

Date of Appearance: day of   year

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant

Complainant's Full Name (printed)   Command Code

Agency/NCIC   Equad   Tax Registry No.   Date

CRIMINAL COURT

---

**43309633-9**

The People of The State of New York VS.

Susp/Rev Check ☐ Yes ☐ No
Motorist Exhibited License   M.I.

Last Name: Watts   First Name: Keith   Apt. No.

Street Address: 14-16 165th St

City: Albn   State: NY   Zip Code   Sex

ID Number: 31036 7301   Lic. State   Lic. Class or ID Type   Date of Birth: MO DAY YR   Operator Owns Vehicle ☐ Yes ☐ No

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE

Plate No.   NY CT PA NJ Other   Date Expires   Reg. Expires   MO DAY YR   State

FORD HONDA OLDS BUICK TOYT NISS Other   Alternate Plate

PAS CMRT OML CAB SEMI SUBN VAN TRUCK MCY Other   Veh. Yr.   Veh. Color

VIN No.

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS:

AM ☐ Time   PM Day of Offense   Complty   Precinct

Place of Occurrence: 1724 Pkwy Ave

IN VIOLATION OF:

Sec.   Sub   VTL Traff Admin Penal Other
Rules Code Law

Description of Criminal Court Offense (including Traffic Misdemeanor)

SPEEDING   MPH in MPH Zone   DISOBEY TRAFF CONT DEV ☐ Sign ☐ Signal Marks   Pave Marks   Unrespec. Veh.   Unlic. Veh.   Com. Veh.   Bus   Unmisr. Veh.   Unlic. Oper.   Hazr. Mat.

The person described above is summoned to appear at CRIMINAL COURT   Summons Part County

Located at: 330 BroadWay   1st flr

Date of Appearance: day of   year

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant

Complainant's Full Name (printed)   Command Code

Agency/NCIC   Equad   Tax Registry No.

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

Name   Date

CRIMINAL COURT

AA-500.2 (1/06)

43377068-5

The People of The State of New York VS.

Sub.-Rev. Check ☐ Yes   No ☐
Motorist Exhibited License   ☐ Yes   No ☐

Last Name _____ First Name _____ M.I. _____

Street Address _____ Apt. No. _____

City _____ State _____ Zip Code _____

ID Number _____ Date of Birth: MO ___ DAY ___ YR ___   Sex _____

Lic. State _____ Lic. Class or ID Type _____

Date Expires: MO ___ DAY ___ YR ___

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE

Plate No. _____ NY CT PA NJ Other _____ Reg. Expires: MO ___ DAY ___ YR ___

Operator Owns Vehicle ☐ Yes   No ☐

VIN No. _____

Veh. Yr. _____ Veh. Color _____ Alternate Plate _____ State _____

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

AM ☐ Time ___ PM ☐   Date of Offense _____ County _____ Precinct _____

Place of Occurrence _____

IN VIOLATION OF _____

Sec. _____ Sub _____

Description of Criminal Court Offense-Including Traffic Misdemeanor _____

| SPEEDING | | DISOBEY | TRAFF. | CONT. DEV. | Unispoc. Veh. | Unreg. Veh. | Unlic. Oper. |
|---|---|---|---|---|---|---|---|
| MPH | In MPH Zone | ☐ Sign ☐ Signal | Pave Marks | VTL Traf. Rules | Admin Code | Penal Law | Other | Unisur. Veh. | Com. Bus Veh. | Haz. Mat. |

Summons Part _____ County _____

The person described above is summoned to appear at CRIMINAL COURT

Located at _____

Date of Appearance _____ 9:30 a.m.   _____ day of _____ year _____

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant _____

Complainant's Full Name (printed) _____

Agency/NCIC _____ Squad _____ Tax Registry No. _____ Command Code _____

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

Name _____ Date _____

CRIMINAL COURT

"B"

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

CERTIFICATE OF DISPOSITION
NUMBER:23501

THE PEOPLE OF THE STATE OF NEW YORK
VS.

**FEE:** **$10.00**

**GEM PAWN BROKERS**

DEFENDANT

DATE OF BIRTH

**216-15 JAMAICA AVE**

ADDRESS

**QUEENS**     **NY**     **11355**

CITY     STATE   ZIP

**05/21/2012**

ISSUE DATE

DOCKET NUMBER:**2012SQ055834**

SUMMONS NUMBER:**4337756085**

**AC 20-463 V**

ARRAIGNMENT CHARGES

CASE DISPOSITION INFORMATION:

| DATE | COURT ACTION | JUDGE | PART |
|------|-------------|-------|------|
| 08/29/2012 | **DISMISSED** | **QUINONES,C** | **SAP** |

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

_____     **08/29/2012**

COURT OFFICIAL SIGNATURE AND SEAL     DATE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE
COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



AA-500.2 (1/06)

Summons

**43377561 9-0**

The People of The State of New York VS.

Susp/Rev Check ☐ Yes   No ☐
Motorist Exhibited License ☐ Yes   No ☐

Last Name: Gem Paul Brokes   First Name   M.I.

Street Address: 216-15 Jamaica   Apt. No.

City: Queens Village   State: ZIP Code

ID Number: 11/11/13 9
Date of Birth: MO DAY YR
Sex

Lic. State   Lic. Class or ID Type   Date Expires

OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE
Operator Owns Vehicle ☐ Yes   No ☐

Plate No.   NY ☐ CT ☐ PA ☐ NJ ☐ Other   Reg. Expires: MO DAY YR   State

CHEV ☐ FORD ☐ HONDA ☐ DODGE ☐ OLDS ☐ CHEVY ☐ TOYT ☐ NISS ☐ Other
Veh. Color   Alternate Plate   State

VIN No.

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS:

AM / PM ☐   Time: 1:52   Date of Offense: 6-13-12   County: Queens   Precinct: 105

Place of Occurrence: 216-15 Jamaica

In Violation of: 20-273 (A)   Sub

Sec   NYTL ☐ Traf Rules ☐ Adm Code ☐ Penal Law ☐ Other: A.D.C.

Description of Criminal Court Offense (including Traffic Misdemeanor):

Illegal Police book

SPEEDING   MPH   MPH in Zone   DISORDLY ☐ Sign ☐ Signal   TRAFF CONT DEV ☐ Pave Marks   Unispec. Veh.   Unreg. Veh.   Unic. Oper.
Com. Veh.   Unmarsr. Veh.   Bus Veh.   Summons Part   County

Located at: 120-55 Queens Blvd Apt Bureau

Date of Appearance: 9:30 a.m. on 22 day of August year 12

The person described above is summoned to appear at CRIMINAL COURT

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant: P.O. Tony Marte

Complainant's Full Name (printed): P.O. Marte

Agency/NCIC: NYPD   Squad: C96   Command Code: 105

Tax Registry No.: 947377

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

Name _____   Date _____

**CRIMINAL COURT**

D"

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK
VS.

**GEM PAWN BROKERS**

DEFENDANT

**21615 JAMAICA AVE**

ADDRESS

**QUEENS VILLAGE    NY    11428-2120**

CITY              STATE  ZIP

DOCKET NUMBER:**2012SQ062101**

CERTIFICATE OF DISPOSITION
NUMBER:24095

# FEE:    $10.00

_____
DATE OF BIRTH

**06/13/2012**
ISSUE DATE

SUMMONS NUMBER: **4337756190**

**AC 20-463 V**

ARRAIGNMENT CHARGES

CASE DISPOSITION INFORMATION:

| DATE | COURT ACTION | JUDGE | PART |
|------|--------------|-------|------|
| 11/21/2012 | DISMISSED | RACITI,R | SAP |

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

_____    **11/21/2012**

COURT OFFICIAL SIGNATURE AND SEAL        DATE

(CAUTION:  THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE
COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

2012SC090099

AA-500.2 (1/08)

**SUMMONS**

# 433769774-3

The People of The State of New York VS.

Susp/Rev Check ☐ Yes  No ☐
Motorist Exhibited License  ☐ Yes  No ☐

| Last Name | First Name | M.I. |
|---|---|---|
| Gem | Pawn Brokers | |

Street Address: 216-15 Jamaica Ave.   Apt. No.

City: Queens Village   State: NY   Zip Code: 11428

ID Number: ____   Date of Birth: MO ___ DAY ___ YR ___   Sex: ____

Lic. State: ___   Lic. Class or ID Type: ___   Date Expires: MO ___ DAY ___ YR ___   Operator Owns Vehicle ☐ Yes  No ☐

**OPERATOR AND/OR OWNER OF VEHICLE BEARING LICENSE**

Plate No. ___   Reg Expires ___

| THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS | | | |
|---|---|---|---|
| AM ☐  Time 8:10:10  PM ☐ | Date of Offense 9/19/12 | County Queens | Precinct 105 |

Place of Occurrence: 216-15 Jamaica Ave

IN VIOLATION OF:  ☐ VT L  ☐ Traf. Rules  ☐ Admin Code  ☐ Penal Law  ☐ Other NYC Rules

Sec 2-101  Sub (a)

Description of Criminal Court Offense (including Traffic Misdemeanor):

Failed to copy Identification

| SPEEDING | | | Disorderly ☐  TRAFF ☐  DW ☐ | ☐ Sign  ☐ Signal  ☐ Pave.  ☐ Marks | Uninspec Veh. | Unreg. Veh. | Unlic. Oper. |
|---|---|---|---|---|---|---|---|
| MPH | In MPH Zone | | | | Uninsur. Veh. | Com Veh.  Bus | Haz. Mat. |

The person described above is summoned to appear at CRIMINAL COURT   Summons Part County

Located at 120-55 Queens Blvd AR2 Queens

Date of Appearance: 9:30 a.m.  27 day of November year 2012

I personally observed the commission of the offense charged above. False statements made herein are punishable as a Class A Misdemeanor pursuant to Section 210.45 of the Penal Law. Affirmed under penalty of perjury.

Rank/Full Signature of Complainant: P O Pel

Complainant's Full Name (printed): Pel____   Command Code: 105

Agency: NYPD   Squad: 13C   Tax Registry No.: 937219

I acknowledge receipt of this summons. I understand it is my responsibility to read and comply with the instructions on my copy, and that my signature below is not an admission of guilt.

Name _____   Date _____

CRIMINAL COURT

"Δ did fail to make required copy of customer ID for D. williams, cust tik # A86399"

" F "

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

CERTIFICATE OF DISPOSITION
NUMBER:24281

THE PEOPLE OF THE STATE OF NEW YORK
VS.

**FEE:** **$10.00**

**GEM PAWN BROKERS**

DEFENDANT

DATE OF BIRTH

**21615 JAMAICA AVE**

ADDRESS

**QUEENS VILLAGE**     **NY**     **11428-2120**

CITY                STATE   ZIP

**09/19/2012**

ISSUE DATE

DOCKET NUMBER:**2012SQ090099**

SUMMONS NUMBER:**4337697743**

**AC 20-464(b) V**

ARRAIGNMENT CHARGES

CASE DISPOSITION INFORMATION:

DATE          COURT ACTION                                    JUDGE          PART

**12/21/2012**     **DISMISSED**                               **RACITI,R**     **AR2**

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

_____     **12/21/2012**

COURT OFFICIAL SIGNATURE AND SEAL          DATE

(CAUTION:  THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE
         COURT SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED

pursuant to Section 160.50 of the CPL

"G"