

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DIANA M. MURRAY<br>Assistant Corporation Counsel<br>E-mail: dmurray@law.nyc.gov<br>Phone: (212) 356-2182<br>Fax: (212) 356-2019 |

November 12, 2015

**By ECF**
The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East (N208)
Brooklyn, NY 11201

    Re: <u>Gem Financial Svc. v. City of New York</u>, 13 CV 1686 (MKB)(RER)

Dear Judge Reyes:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendant the City of New York in the above-referenced matter brought by Gem Financial Service, Inc.

    The City submits the following status report for the above-referenced case pursuant to the Court's order on October 29, 2015.[1]

### The Oustanding Discovery Owed the City

  1) Depositions:

    a) The completion of the deposition of Harold Dambrot.

    The deposition is scheduled for November 18, 2015. The deposition will primarily address the 3-page spreadsheet dated July 23, 2015, entitled "Historical Report," and the alleged changes reported therein monthly over a

---

[1] The parties attempted but were unable to prepare a joint status report.

        six-month period and yearly over a five-year period in five categories: "Portfolio," "Pawn Count," "Sales Taxable," "Buy Amount," and "Buy Count" ("July 23, 2015 spreadsheet"). Defendants will also request copies of the documents forming the basis of July 23, 2015 spreadsheet.

    b) The deposition of Rachel Wilen.

        The deposition will be scheduled, as proposed by plaintiff, in November or at the latest on December 1.

2) Documents:

    a) Copies of the documents requested by the City during the depositions of plaintiff's employees and non-parties.

## Unsealing Orders

        The City is in the process of obtaining unsealing orders in the criminal proceedings relating to items in plaintiff's pawnshops identified by plaintiff as having been placed on hold or seized by members of the New York City Police Department ("NYPD"). The City anticipates completing the process by the end of November.

## Unresloved Issues

1) The continued deposition of NYPD Assistant Commissioner Thomas Doepfner.

        The City has repeatedly advised plaintiff that it is unlikely that Assistant Commissioner Doepfner, who has been on medical leave since the beginning of the summer, will be available for a deposition in the foreseeable future. The City proposed that the questions not answered by Assistant Commissioner Doepfner[2] be posed to Lt.

---

[2] The questions left unanswered at the Commissioner's deposition are quoted below:
1) Do you believe that your officers can confiscate or take jewelry that is put in front of them, when the only reason it would be put in front of them would be in accordance with their demands as they are engaged in a, quote, "administrative inspection"?
2) Isn't your understanding of the law - particularly Section 436 and Section 45 of the GBL, and the Keta case -- isn't it in fact clear that these administrative inspection rights are solely made to uncover regulatory irregularities?
3) So with regards to his assertion (i.e. Grasso) and his restatement of the Keta decision...that inspections should be designed only to uncover administrative violations, and not criminal activity; comparing that to your 2013 patrol guide, can you say today that your 2013 patrol guide is in conflict with both Keta, as well as Grasso's memo?

Daniel Albano of the NYPD's Legal Bureau, who is equally familiar with the issues or, alternatively, submitted in the form of interrogatories. Whether the Commissioner is able at this time to submit answers to interrogatories is unknown as plaintiff has not indicated willingness to proceed in that way. Plaintiff noticed and deposed Lt. Albano but reserved the right to further depose Assistant Commissioner Doepfner.[3]

2) Discovery on Damages

The City proposes, in the interest of expediting the litigation, that discovery on damages be postponed pending submission and consideration of the City's proposed motion for summary judgment and any similar motion by plaintiff. Plaintiff rejected the proposal. Absent a postponement of discovery on damages, the City will need to request an extension of the current November 30, 2015 deadline in order to review the documents supporting the July 23, 2015 spreadsheet and determine whether further depositions are required. Given the topics and timeframes addressed in the spreadsheet, the City anticipates that the supporting documents will be substantial in number.

3) In the November 11, 2015 letter to the Court, plaintiff states that he will obtain an accountant as an expert witness and is evaluating whether to obtain another expert in connection with NYPD documents relating to inspections. Accordingly, the City anticipates the need to conduct expert discovery and/or hire an expert rebuttal witness(es).[4]

Respectfully submitted,

*Diana M. Murray*

Diana M. Murray
Assistant Corporation Counsel

cc: Paul J. Solda, attorney for GEM, by ECF

---

[3] Plaintiff has noticed the deposition of Police Officer Christopher Stoll. The City does not anticipate a problem scheduling the deposition on one of the November dates proposed by plaintiff.

[4] Opposing counsel is mistaken in stating in his November 11, 2015 letter that on October 19, 2015, I informed him that all depositions were completed. On October 15th, the deposition of Harold Dambrot had been scheduled for November 13, 10 AM. [The adjournment to November 18th was at plaintiff's request ] The topic of summary judgment was raised in connection with the City's proposal to postpone discovery on damages.